The case was submitted without argument by Wilson for the lessors of the plaintiff. No counsel for the defendant.
The lessors of the plaintiff are tenants in common, claiming as heirs to McRee. Two of them were under no disability when their right of entry accrued; one was under the twofold disability of infancy and coverture. (322) More than seven years have elapsed since the right of entry accrued, and the question open on this record is, whether the right of entry of all, or any of them, is taken away by the act of 1715, ch. 2. By the third section of that act it is incumbent on the lessors of the plaintiff to show that they had a right of entry when the action was brought. No person or persons shall enter or make claim but within seven years next after his, her, or their right or title descend or accrue; and in default thereof, such person not so entering or making default shall be utterly excluded or disabled from any entry or claim thereafter *Page 206 
to be made — 3d section. The 4th section provides that if any person or persons that is or hereafter shall be entitled to any right or claim of lands, tenements or hereditaments, shall be, at the time the said right or title first descended, accrued, come or fallen, within the age of twenty-one years, feme covert, etc., that then such person or persons shall and may, notwithstanding the said seven years be expired, commence his, her, or their suit, make his, her, or their entry, as he, she, or they might have done before this act, so as such person or persons shall, within three years next after full age, discoverture, etc. Each individual lessor might in this case have brought an ejectment to recover his own share, without the necessity of joining the other who was under disability; for as tenants in common, they hold by several titles, or by one title and several rights; and so strictly was this notion acted on that until a late decision in this Court it was held that tenants in common could not make a joint demise. But as the lease is a mere fiction and the action liberally construed, so that the possession which is recovered inures to each lessor according to his title, such effect should be given to the demise as the law warrants, otherwise the substance will be sacrificed to form.
(323) Even the case of coparceners, who constitute but one heir, one may on her sole demise recover her own share; and so of the sole demise of a joint tenant to the plaintiff in ejectment, for that severs the joint tenancy, and entitles to a recovery for the lessor's proportion. Bowyer v. Judge, 11 East, 287. So where an estate descended to two coparceners, one of whom was under a disability and the other did not enter within the period prescribed by the statute, no doubt was suggested of the right of one who was under disability to recover. The only doubt was whether the disability of one did not preserve the right of the other. There were in that case, it is true, two counts, one upon a joint demise by the two coparceners, the other upon the sole demise of the one under disability, upon which latter one the judgment was entered up; but that was a mere form unconnected with the justice of the case. Langdonv. Rowlston, 2 Taunton, 441.
As the only plea in this case is the general issue, it is incumbent on the claimants in the first instance to establish their right to the possession; whatever operates as a bar to that right must apply distributively to each, and judgment rendered for those whose rights are preserved.
The construction of the 9th section of the same act bars the remedy of all the plaintiffs who necessarily join in the action, *Page 207 
although some are under disability, for it is competent for those who are under no disability, as well as their duty, to take care of the rights of those who were unable to protect themselves; and for the other reason stated by the Court in Riden v. Frion,7 N.C. 577, that the grammatical construction of the words enforced such construction, since the words "person or persons" in the proviso meant where there is a single plaintiff he must be under a disability in order to come within the exception; or where there are several plaintiffs, they must all be under disability. For these reasons I think judgment should be entered up for one-third part of the land, the share of the femecovert. (324)