Battue, J.
 

 It is admitted -by the counsel for the defend
 
 *233
 
 ants, that the plaintiff, Joseph White, had, at one time, the right to the specific performance of the contract, mentioned in the pleadings, but he contends that such right cannot now be enforced, for two reasons:
 

 First.
 
 Because no action, at law, to recover damages would now lie upon it; and
 

 Secondly.
 
 Because the right to enforce the contract in Equity, had been so acted upon by the plaintiff as to justify the defendants in treating it as abandoned.
 

 1. The first ground of objection is clearly untenable. It is true, there is a maxim, that Equity will not enforce the specific performance of an agreement, upon which an action will not lie at Law for damages ; and, anciently, it was the practice to send the party to Law, there to establish the validity of the contract, before he was allowed to proceed in Equity. That practice has fallen into disuse, and the maxim never meant more than that the contract must be such as the law would have recognised, if sued upon in proper time and under proper circumstances. If the rule were, that Equity would not entertain a suit for the specific performance of an agreement, except where, at the same instant, a suit might be sustained for a breach of it at Law for damages, there would be no ground for the existence of another well-known maxim : that time is not of the essence of a contract in Equity. Upon the efficacy of this maxim, it often happens that a party by a neglect of a strict compliance with his stipulations in a covenant, or other contract, with regard to time, loses his right to sue at Law, while he may yet have a remedy by a suit for a specific execution in Equity;
 
 Walker
 
 v. Allen, 5 Jones, 58 ;
 
 Falls v. Carpenter,
 
 1 Dev. and Bat. Eq. 237. Time may, indeed, be made an essential part of a contract, even in the view of a court of equity, and in that case, that court will require its observance as rigidly as a court of law. The counsel for the defendants, contends that the present contract is one of that kind, and, in support of his position, he refers to the language of the bond for title:
 
 “
 
 Now, therefore, if the said Joseph White shall pay off the said bonds as they fall due, then, when
 
 *234
 
 the last of the said payments shall be made, the said W. S. Butcher shall personally, or by agent, or attorney, execute to the said Joseph "White, a good and sufficient title-deed in fee simple.” The purchase-money, for the land, was made payable in three instalments, secured by three several bonds, and the counsel contends that the punctual payment of each, as it fell due, and, certainly, the payment of all, when the last fell due, was intended as an essential requisite to his obligation to make title. We cannot discover any such meaning in this, any more than may be found in any other contract for the purchase of land, where the vendor stipulates to make title when the price shall have been paid. There is no clause that the contract shall be void if the purchase-money be not punctually paid, and if there w'ere, it would have been waived by the conduct of the vendor in recognising the existence of the contract, and offering to perform it after the last bond fell due.
 

 2. The second ground of objection, that the contract of purchase was abandoned by the plaintiff, or that at least, that his conduct in neglecting, for so long a time to fulfill it, taken in connection with his leaving the State and his insolvency, justified the defendants in treating it as abandoned. It is manifest, from the testimony of Mr. Dobson, that the plaintiff never intended to abandon the purchase, and although he acted in such a manner as would have justified the defendants’ in taking the proper steps to enforce either its prompt execution or its abandonment, yet, no such steps were taken, and the plaintiffs claim to equitable relief still remains. The bonds which the plaintiff gave to secure the purchase-money, were never surrendered, nor offered to be surrendered to him, and the defendants had no right, while retaining them, to consider and treat the contract as being at an end. Their omission to adopt that course, is fatal to their defense; see
 
 Falls
 
 v.
 
 Carpenter, ubi supra,
 
 and
 
 Sugg
 
 v.
 
 Stowe,
 
 5 Jones’ Equity, 126.
 

 There must be a decree that the defendant, Holderfield, who obtained the title from the defendant, Butcher, after notice of the plaintiffs’ claim, must make title upon the payment of
 
 *235
 
 the purchase-money, with interest, after deducting the rents ; as to which, there must be an account, if the parties desire it.
 

 Pee Cueiam, Decree accordingly.