HAIRSTON v. BESCHERER.

(Filed April 24, 1906).

*Vendor and Vendee — Abandonment — Estoppel — Specific Performance—Enhanced Value of Land.*

1.  The vendor in a contract for the sale of real property is treated as holding the legal title as security for the payment of the purchase money and upon failure to pay may proceed to have the land subjected by sale for that purpose.

2.  When the vendee remains in possession and the vendor takes no action to enforce payment of the purchase money there is no presumption of abandonment of the right to pay the money and call for a deed.

3.  When a contract is bi-lateral giving the vendor an action at law for the purchase money or a right in equity to subject the land to the payment of the debt and both parties acquiesce in the delay, the vendor permitting the vendee to remain in possession of the land after the day for payment fixed by the contract has passed, the vendee making no demand for a conveyance, the court will treat their conduct as estopping either from taking advantage of the delay.

4.  A provision in a contract for the sale of real property, stipulating that the failure to make payments as agreed, shall cause the forfeiture of all amounts theretofore paid, at most only gave the vendor a right to put an end to the contract by entering. Such a provision cannot, in equity, whose peculiar province is to relieve against forfeitures, bar specific performance.

5.  The enhanced value of land is no good reason for refusing the equitable relief of specific performance where it appears that when the plaintiff first made an offer to pay the amount due on the contract, the land was worth only $100.00.

ACTION by Isham Hairston against M. W. Bescherer, heard by *Judge B. F. Long* and a jury, at the August Term, 1905, of the Superior Court of ROWAN.

Plaintiff sues for specific performance of a contract for

sale of real property.  The facts as set forth in the pleadings and found by the jury are:  Defendant entered into possession of the *locus in quo* during the year 1891, under a contract to purchase, and paid thereon $20.  On April 13, 1895, upon a settlement had, it was found that he owed a balance of $92.  The parties thereupon entered into and executed a written agreement, plaintiff promising to pay $2 per month for one year and thereafter $7.50 per quarter until the full amount, with interest, was paid, when defendant agreed to convey the land, being about two and a half acres, to plaintiff.  The contract contained the following provision: "It is covenanted and agreed that if I fail to pay three consecutive monthly payments for the said first twelve months from date, that the amounts theretofore paid shall be forfeited, and if, after having made all the payments for said twelve months, I shall fail to pay two consecutive quarterly payments, then the amount theretofore paid shall be forfeited."  The plaintiff continued in possession of the land and was at the time of bringing this action in possession thereof.  Plaintiff did not offer to make the monthly and quarterly payments under the contract to the defendant or to his agent in accordance with the terms thereof.  The failure to make said payments was not caused by any act of the defendant or his agent.  During the year 1896 plaintiff offered to pay the total amount due under contract and demanded that defendant execute a deed for said land; defendant declined to accept said amount and make the deed.  That the offer was repeated during the year 1897 and again demanded the deed, which defendant again refused.  The value of the land in 1896 was $100 and in 1897 $500.  On the date of the summons herein, July 23, 1904, the value of the land was $1,000.

There was evidence tending to show that defendant was out of the State a portion of the time and that there was some misunderstanding in regard to the authority of his

attorney to receive payments. Upon the admissions in the appeal and the verdict of the jury embodying the foregoing facts, the defendant moved for judgment,—that plaintiff was not entitled to specific performance, etc. Motion was refused and defendant excepted. Thereupon His Honor rendered judgment that the defendant upon payment by the plaintiff of the sum of $92, with interest thereon from the date of the contract, execute and deliver to the plaintiff a deed in fee for the lands mentioned in the complaint in accordance with the terms of the contract. The defendant excepted and appealed.

*Overman & Gregory* and *E. E. Raper* for the defendant.
*John S. Henderson* for the plaintiff.

CONNOR, J., after stating the facts: It is well settled by numerous decisions of this court that when contracts of the character set out in the record are entered into, the relation established between the parties is in many respects similar to that of mortgagor and mortgagee. The vendor is treated as holding the legal title as security for the payment of the purchase money and upon failure to pay may proceed to have the land subjected by sale for that purpose. *Derr v. Dellinger,* 75 N. C., 300; *Barnes v. McCullers,* 108 N. C., 46. When the vendee remains in possession and the vendor takes no action to enforce payment of the purchase money there is no presumption of abandonment of the right to pay the money and call for a deed. In this case the plaintiff, unless a forfeiture was wrought by the language of the contract and his failure to comply strictly therewith, was to pay for one year two dollars per month and thereafter seven and a half dollars at the end of each quarter, thus giving him several years to complete his payments. Before the time expired in 1896 he offered to pay the entire amount and this offer he repeated in 1897. It is manifest that he did not intend to

rescind the contract or surrender his rights—he continued to hold possession without any interference on the part of the defendant. Assuming that he was notified by the conduct of the defendant that he would not accept the money and convey and was thereby put to his action, in the nature of a bill for redemption or specific performance, it would seem that he was entitled to the same time allowed mortgagees to redeem, which is ten years. But as he remained in possession the statute was not put into operation. Both parties treated the contract as subsisting. No issue was submitted nor was His Honor asked to find that there was an abandonment by plaintiff of his rights under the contract. We do not find any evidence of such abandonment. *Bynum, J.*, in *Faw v. Whittington,* 72 N. C., 321, says: "Assuming the law to be that a vendee can abandon by matter *in pais* his contract of purchase, it is clear that the acts and conduct constituting such abandonment must be positive, unequivocal and inconsistent with the contract. The mere lapse of time or other delay in asserting his claim unaccompanied by acts inconsistent with his rights, will not amount to a waiver or abandonment." *Falls v. Carpenter,* 21 N. C., 237. If plaintiff had surrendered possession upon the refusal of the defendant to accept the purchase money and make a deed, quite another question would have been presented. *Taylor v. Taylor,* 112 N. C., 27. Defendant says that plaintiff, by reason of his long delay in asserting his equity, and the largely increased value of the land, should not have a decree of specific performance, but be left to his action for damages for breach of the contract in refusing to accept the money when offered to him in 1896 and 1897. While it is well settled that specific performance is not an absolute right and rests in the sound discretion of the court, it is equally true that in equity, time is not of the essence of the contract. When the contract, as in this case, is bi-lateral, giving the vendor an action at law for the purchase money or a right in equity to subject the land

HAIRSTON *v.* BESCHERER.

to the payment of the debt and both parties acquiesce in the delay, the vendor permitting the vendee to remain in possession of the land after the day for payment fixed by the contract has passed, the vendee making no demand for a conveyance, the court will treat their conduct as estopping either from taking advantage of the delay. The language of *Pearson, J.,* in *Scarlett v. Hunter,* 56 N. C., 84, would seem to be decisive of the question. "The right to have specific performance is mutual and when the vendee is let into possession and continues in possession, as in our case, it is taken for granted that the parties are content to allow matters to remain in *statu quo* until a movement is made by one side or the other." In *Holden v. Purefoy,* 108 N. C., 163, where the authorities are reviewed by *Mr. Justice Shepherd,* he says: "But there is here more than mere delay, for Purefoy having control of the land, actually leaves the same with the purpose of having nothing more to do with it. We have then, not simple delay only, but a most significant act as well as an admitted intention of abandoning the property." The last provision in the agreement at most only gave the vendor a right to put an end to the contract by entering. Certainly in equity, whose peculiar province it is to relieve against forfeitures, it cannot be successfully used to prevent plaintiff having relief. This court has frequently held that similar provisions in contracts of sale, both of real and personal property, do not bar equitable relief. The enhanced value is no good reason for refusing the relief. When plaintiff made his first offer in 1896 the land was worth only one hundred dollars. *Falls v. Carpenter, supra; White v. Butcher,* 59 N. C., 231. There is

No Error.