J. B. MANN v. NORTH CAROLINA STATE BOARD OF EXAMINERS IN OPTOMETRY ET AL.

(Filed 11 July, 1934.)

**Optometrists A c—Optometrist held entitled to reissuance of license upon paying fees and penalties, license not having been revoked for non-payment.**

Plaintiff was a duly licensed optometrist. Several years after passing his examination and receiving his license plaintiff discontinued the practice of his profession, paid no license fees, and engaged in other work for a period of eighteen years. The Board of Optometry Examiners took no action to revoke his license for failure to pay annual license fees, C. S., 6696. Plaintiff, desiring to again enter his profession, tendered the annual fees and penalty and applied for license. His application was refused, defendant board contending that he had abandoned the practice of his profession, and that his reëntry into the profession would constitute a "beginning to practice optometry" and that license could not be again issued to him until he had again passed the statutory examination. *Held,*

the statutory method providing for revocation of the license is exclusive, and this method not having been followed, plaintiff is still an optometrist and has the right to receive his license upon the payment of the fees and penalty prescribed by the statute.

CIVIL ACTION, before *Barnhill, J.,* at 2 February Special Term, 1934, of WAKE.

The parties waived a jury trial and agreed that the judge should find the facts and declare the law arising thereon. The pertinent facts so found, are substantially as follows:

The North Carolina State Board of Examiners in Optometry was created and organized under the provisions of Public Laws of 1909, chapter 444, as amended from time to time. Said statutes now constitute C. S. section 6687 *et seq.* In June, 1909, plaintiff, after examination, was admitted to practice optometry and engaged in the practice until the year 1913, paying annual fees each of said years as provided by statute. "In the year 1913 the plaintiff discontinued the practice of optometry, engaged in other business, and since that time he has not engaged in such practice." On 22 July, 1931, plaintiff wrote a letter to the secretary of the examining board, as follows: "Will you please advise me what it will cost me to have my license restored. I was licensed in 1909 and later entered other work allowing my license to lapse." In reply to said letter the secretary of the board wrote: "It will be necessary for you to comply with our present requirements as it applies to new applicants. We have a ruling to the effect that one must apply for reinstatement within two years from the time of revocation."

2. The plaintiff made application to the board to issue to him an annual certificate for the practice of optometry, at the same time tendering to the board annual fees and penalty as prescribed in C. S., 6696. The board declined plaintiff's application unless and until plaintiff should comply with the provisions of C. S., 6691, as amended by Public Laws of 1915, and Public Laws of 1923.

3. No notice of revocation of his license was given to plaintiff by the board, and his license has never been legally revoked by action of defendant.

Upon the foregoing facts the court was of the opinion, and so found, "that the action of plaintiff in discontinuing the practice of optometry in 1913 and is engaging in other business for a period of eighteen years constituted an abandonment by him of his license to practice optometry, and that for him again to enter said profession as a practitioner constitutes a 'beginning to practice optometry.' "

From the foregoing judgment the plaintiff appealed.

MANN *v.* BOARD OF OPTOMETRY EXAMINERS.

*S. Brown Shepherd and N. G. Fonville for plaintiff.*
*Ruark & Ruark for defendant.*

BROGDEN, J. C. S., 6691, Michie's, provides that "every person, before beginning to practice optometry in this State after the passage of this article, shall pass an examination before the board of examiners," etc. The plaintiff from 1913 to 1931 discontinued the practice of optometry, engaged in other business, and failed and omitted to pay the fees required by law.

Did such conduct on his part amount to an abandonment of his license duly issued or of his right to reënter the profession without examination?

It has been generally held that mere lapse of time or other delay in asserting a claim unaccompanied by acts inconsistent with his rights, will not amount to a waiver or abandonment of such right or claim. *Faw v. Whittington,* 72 N. C., 321; *R. R. v. McGuire,* 171 N. C., 277, 88 S. E., 337; *Harper v. Battle,* 180 N. C., 375, 104 S. E., 658.

The facts found by the trial judge undoubtedly support the conclusion of abandonment except for other provisions of the statute. C. S., 6696, provides that if an optometrist fails to pay the annual tax "his certificate may be revoked by the examiners upon twenty days notice of the time and place of considering such revocation. But no license shall be revoked for nonpayment if the person so notified shall pay, before or at the time of consideration, his fee and such penalty imposed by the board." Consequently, it is obvious that the remedy prescribed by law for failure to pay the tax is "revocation" of the license or certificate. Moreover, such revocation of the certificate is the only method prescribed by statute for foreclosing the right to practice the profession after an optometrist has been admitted to such practice. This was never done. It was held in *Committee on Grievances of Bar Association v. Strickland,* 200 N. C., 630, 158 S. E., 110, that "the courts everywhere are in accord upon the proposition that if a valid statutory method of determining a disputed question has been established, such remedy so provided is exclusive and must be first resorted to and in the manner specified therein."

Therefore, as the exclusive statutory method has not been invoked, the plaintiff is still an optometrist and has the right to receive the certificate upon the payment of the fees and penalty prescribed by C. S., 6696. See *Vineberg v. Day,* 152 N. C., 355.

Reversed.