STATE OF NORTH CAROLINA ON RELATION OF A. J. MAXWELL, COMMIS-SIONER OF REVENUE, v. S. J. HINSDALE, M. W. McPHERSON AND R. H. ANDREWS, TRUSTEES IN BANKRUPTCY OF CENTRAL LOAN AND TRUST COMPANY, BANKRUPT.

(Filed 19 September, 1934.)

**Taxation E c—Claim for refund of income taxes held barred by failure to make application for revision within three years from return.**

Where a taxpayer, claiming a refund for overpayment of income taxes to the State by reason of error in its return, fails to apply to the Commissioner of Revenue for a revision within three years from the filing of its return, its claim is barred, N. C. Code, 7880 (155), nor will the fact that the application for a revision is made within three years of rede-termination of income tax by the Federal Government avail the taxpayer where he does not make a new return within thirty days after such rede-termination by the Federal Government, N. C. Code, 7880 (152), since the limitation prescribed by N. C. Code, 7880 (155), is explicit and unequivo-cal, and since the procedure prescribed by N. C. Code, 7880 (155), that such new return be made within thirty days of redetermination by the Federal Government is exclusive and must be followed to entitle the taxpayer to the relief therein provided.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Devin, J.,* 13 February, 1934. From ALAMANCE.

The Central Loan and Trust Company paid income taxes to the State of North Carolina as follows: From 1 December, 1922, to 30 November, 1923, $1,305.40; from 1 December, 1923, to 30 November, 1924, $1,243.77; from 1 December, 1924, to 30 November, 1925, $1,502.63.

The taxpayer thereafter became a bankrupt, and the trustees of said bankrupt asserted that they were entitled to a refund of taxes for said years by reason of the fact that in the return of the taxpayer there was "erroneously included as income the annual appreciation of unsold real estate over cost price. This statement was made in return filed with

the Commissioner of Revenue for the State of North Carolina, and the erroneous tax was paid to said Commissioner."

On 3 December, 1929, the Federal Government redetermined the taxes due "by said bankrupt for said years, and made refund of Federal taxes erroneously collected because of a like erroneous overstatement in the return made to the Federal Government." More than two years thereafter, to wit, on 30 December, 1932, the bankrupt, through its trustees, "filed with the Commissioner of Revenue for the State of North Carolina . . . claims for a refund of taxes paid by the Central Loan and Trust Company." It was stipulated "that there was no return oath made to the Commissioner of Revenue after the redetermination made by the Federal Government until 30 December, 1932."

The Commissioner of Revenue declined to order the refund and rejected the claim, asserting that on account of the lapse of time all records "pertaining to the years at issue were, under authority of statute, destroyed," etc. The taxpayer appealed from the ruling of the Revenue Commissioner to the judge of the Superior Court, who disallowed the claim and affirmed the ruling of the Revenue Commissioner. Thereupon the trustees in bankruptcy appealed to the Supreme Court.

*Edwin Martenet for trustees in bankruptcy.*
*Attorney-General Brummitt and Assistants Attorneys-General Seawell and Bruton for Commissioner of Revenue.*

BROGDEN, J. C. S., 7880 (155), provides that "a taxpayer may apply to the Commissioner of Revenue for revision of tax assessed against him at any time within three years from the time of the filing of the return or from the date of the notice of the assessment of any additional tax," etc. The record discloses that the taxpayer filed no claim with the Commissioner of Revenue for the revision of said tax until 30 December, 1932, which was more than three years from the date required for the filing of income tax returns. The taxpayer, however, asserts that the three-year limitation begins to run from the date of the redetermination by the Federal Government, as provided in C. S., Michie's Code of 1931, 7880 (152), and that as such action was taken on 3 December, 1929, the claim is not barred. This contention, however, cannot be sustained for the reason that the statute of limitations above referred to is explicit and unequivocal. Moreover, the taxpayer is not saved by the application of C. S., 7880 (152), *supra,* for the reason that this statute provides that "such taxpayer, within thirty days after receipt of final determination by the United States Government of his corrected net income, shall make return under oath or affirmation to the Commissioner of Revenue of such final determined income." The new return contem-

plated by the foregoing statute was not made by the bankrupt until 30 December, 1932. Therefore, there was a total failure to comply with the positive provision of the law. It was said in *Association v. Strickland,* 200 N. C., 630, 158 S. E., 110, that "the courts everywhere are in accord with the proposition that if a valid statutory method of determining a disputed question has been established, such remedy so provided is exclusive, and must be first resorted to, and in the manner specified therein." See *Mann v. North Carolina State Board of Examiners in Optometry,* 206 N. C., 853.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.