### DR. J. H. WORLEY v. L. L. PIPES.

(Filed 24 November, 1948.)

1. **Administrative Law § 4: Master and Servant § 53b (4)—Compensation Act provides exclusive remedy for determination of dispute as to fee for medical services to employee.**

   Where a physician renders services to an injured employee under private contract without knowledge that the injury was covered by the Compensation Act, and thereafter upon discovery that the injury is compensable, files claim for such services with the Industrial Commission in order that the employee get the benefit thereof, his remedy upon approval by the Industrial Commission in a sum less than the full amount of his claim, is to request a hearing before the Commission with right of appeal to the courts for review, G.S. 97-25, 97-26, 97-83 through 97-86, 97-90, 97-91, and this remedy is exclusive and precludes the physician from maintaining an action against the employee to recover the full contractual amount for the services and attacking the constitutionality of the relevant provisions of the Compensation Act.

2. **Physicians and Surgeons § 13: Contracts § 7g—**

   Agreement by an injured employee to pay the physician engaged by him any balance due on his account after application of the amount approved by the Industrial Commission for the services is unenforceable and void, since the Act, G.S. 97-90 (b), makes the receipt of any fee for such services not approved by the Commission a misdemeanor.

APPEAL by defendant from *Alley, J.,* at Special May Term, 1948, of BUNCOMBE.

Civil action instituted in a justice of peace court of Asheville Township, Buncombe County, North Carolina, "for the recovery of the sum of $25.50 due *ex contractu* as alleged in the verified complaint in this cause."

Plaintiff alleges in his complaint in summary these facts:

1. That on 7 August, 1947, defendant sustained an injury by accident arising out of and in the course of his employment by K & Y Motor Lines, Inc., operator of a general motor freight business in North Carolina, who had accepted and was subject to the provisions of the North Carolina Workmen's Compensation Law, General Statutes Chapter 97, with insurance company carrier licensed to do business within the State of North Carolina.

2. That as a result of the injury described in the preceding paragraph defendant required surgical attention, and on 18 August, 1947, defendant visited the office of plaintiff, who was duly licensed to practice medicine and surgery in North Carolina, and as such duly registered and engaged in the active practice of the profession, specializing in surgery, and who was defendant's family physician, and plaintiff accepted him as such patient, and defendant employed plaintiff, without knowledge on the part of either that the case involved compensation under the Workmen's Compensation Law; and defendant made a token payment of $5.00, and impliedly agreed to pay plaintiff for professional services to be rendered as plaintiff's private patient.

3. That after examination and treatment by plaintiff, defendant had an uneventful complete recovery, due primarily to the skill and attention he received from plaintiff.

4. That the reasonable and fair value of plaintiff's services to the defendant in the matters and things herein set forth is the sum of $44.00, which is such as prevails in the community in which plaintiff and defendant reside for similar treatment of injured persons of like standard of living of defendant when such treatment is paid for by the injured person.

5. That after plaintiff had rendered the professional services hereinabove set forth defendant was advised by his employer that his injury was compensable under the North Carolina Workmen's Compensation Law,—whereupon defendant filed notice of claim for compensation with his employer and same was adjudicated by the North Carolina Industrial Commission, and on 27 October, 1947, the Commission awarded to him compensation for his injuries.

6. That at the time of filing his claim for compensation, as above alleged, defendant requested plaintiff to file a schedule of charges or bill for professional services rendered to defendant, in order that the employer might pay same, and thereby defendant would get the benefit of such payment, and such amount as was allowed would be credited by plaintiff and defendant would pay any excess.

7. That in consequence of the agreement referred to in last preceding paragraph, plaintiff filed his bill with the North Carolina Industrial Commission and it allowed only the sum of Thirteen and 50/100 ($13.50)

Dollars, leaving a balance of $25.50 due plaintiff, and thereupon plaintiff "billed the defendant" for the unpaid balance in the amount of $25.50 which defendant agreed to pay.

8. That thereafter defendant, in disregard of his contract, refused to pay said balance of $25.50, contending that he was not legally liable for professional services rendered for that the provisions of the Workmen's Compensation Act prohibited plaintiff from accepting payment for professional services in excess of the amount allowed by the Industrial Commission.

9. That defendant is indebted to plaintiff in the sum of $25.50, demand for payment having been made, and payment refused.

Whereupon plaintiff prays judgment against defendant for $25.50 and for costs, etc.

Defendant, in answer thereto, admits each of allegations of the complaint, except the allegation that he is indebted to plaintiff in the sum of $25.50, which he denies. And for further answer and defense defendant avers, briefly stated, that for the services rendered to him by plaintiff, plaintiff is entitled to compensation in the amount claimed but not from defendant, for that plaintiff is not entitled to receive from defendant for the professional services rendered, in that acceptance by plaintiff from defendant of fees in this case, unless approved by the Industrial Commission for services rendered, is prohibited by General Statutes 97-90, to wit: "(a) Fees for attorneys and physicians and charges of hospital for services under the Article shall be subject to the approval of the Commission.

"(b) Any person (1) who receives any fee, other consideration, or any gratuity on account of services so rendered, unless such consideration or gratuity is approved by the Commission or such court, shall be guilty of a misdemeanor, and upon conviction thereof, for each offense, be punished by a fine of not more than $500 or by imprisonment not to exceed one year, or by both such fine and imprisonment."

Wherefore defendant, having answered, prays judgment that plaintiff have and recover nothing.

Plaintiff, replying to the answer filed by defendant, alleges: "That the provisions of General Statutes 97-90 as set forth in defendant's answer are void, illegal and unconstitutional in that:

"1. Said law arbitrarily and unreasonably deprives the plaintiff and other physicians and surgeons and all injured employees who come under the provisions of General Statutes 97 of freedom of contract and of other rights and liberties protected under the Fourteenth Amendment to the United States Constitution, and Article I, section 17, of the Constitution of the State of North Carolina, and in violation of the Due Process

Clause of the 14th Amendment to the United States Constitution and Article I, section 17, of the Constitution of the State of North Carolina.

"2. The law constitutes class legislation and is discriminating, denying the plaintiff and other physicians and surgeons similarly situated of equal protection of the laws contrary to the 14th Amendment of the United States Constitution and to Article I, section 17, of the Constitution of the State of North Carolina."

Whereupon plaintiff reiterates his prayer for judgment as set forth in his complaint.

From judgment rendered in the justice of peace court appeal was duly taken, and return to notice of appeal duly docketed in Superior Court, where it was properly heard.

In Superior Court the parties waived a jury trial and agreed, in accordance with the provisions of the statute, that the judge could hear and find the facts and make his conclusions of law and thereupon render judgment.

Pursuant thereto the presiding judge finding the facts to be substantially as alleged in the complaint, concluded as matters of law:

"1. That the plaintiff and defendant entered into a valid contract for the giving and receiving of professional services, which was faithfully performed by the plaintiff and defendant received the benefits thereof in full by complete physical recovery, and that plaintiff is entitled to recover from the defendant the amount due under said contract, and that plaintiff did not waive or lose any rights under his contract by reason of accepting partial payment under an award of the Industrial Commission.

"2. That Section 97-90, and the other provisions of the Workmen's Compensation Act pleaded by the defendant as a bar to the plaintiff's right to recover under the contract in this case are void, illegal and unconstitutional in that:

"(A) Said law arbitrarily and unreasonably deprives the plaintiff and other physicians and surgeons and all injured employees who come under the provisions of General Statutes, Chapter 97, of freedom of contract and of other rights and liberties protected under the 14th Amendment to the United States Constitution and Article I, section 17, of the Constitution of the State of North Carolina, and in violation of the Due Process Clause of the 14th Amendment to the United States Constitution and Article I, section 17, of the Constitution of the State of North Carolina.

"(B) The law constitutes class legislation and is discriminatory, denying the plaintiff and other physicians and surgeons similarly situated of equal protection of the law contrary to the 14th Amendment of the United States Constitution and to Article I, section 17, of the Constitution of the State of North Carolina.

"3. That if the Workmen's Compensation Act is not unconstitutional it does not under the facts herein impair the right of the plaintiff to collect under the terms of the contract for professional services rendered to and received by the defendant, or restrain the defendant from paying for the services rendered under said contract."

Upon the findings of fact and conclusions of law so made, the court entered judgment in favor of plaintiff and against defendant in the sum of $25.50, with interest, and costs.

Defendant appeals therefrom to Supreme Court and assigns error.

*George Pennell for plaintiff, appellee.*

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody, amicus curiæ.*

*Victor S. Bryant and Robert I. Lipton for North Carolina Industrial Council, amicus curiæ.*

*Narvel J. Crawford for defendant, appellant.*

WINBORNE, J.   At the threshold of this appeal, the defendant, appellant, upon the other facts found by the court, challenges, first, the findings of fact made, and the conclusions of law reached, by the court that he, defendant, is indebted to plaintiff for professional medical services rendered.   In the light of pertinent provisions of the North Carolina Workmen's Compensation Act, Chapter 97 of the General Statutes, we are of opinion and hold that the challenge is well taken and should be sustained. Hence, plaintiff is not in position to question the constitutionality of G.S. 97-90 and other provisions of the Workmen's Compensation Act, to which other assignments of error relate, and, therefore, the debate of that question goes for naught.

The purpose of the General Assembly of this State, as stated in *Winslow v. Carolina Conference Asso.,* 211 N. C. 571, 191 S. E. 403, in providing for compensation for an employee, who has suffered injury, or for the dependents of an employee who has suffered death by accident arising out of and in the course of his employment, G.S. 97-2 (f) and (j), without fault on the part of the employer, where both employee and employer have accepted the provisions of the act, and are, therefore, bound by them, that the North Carolina Industrial Commission, created by the act for the purpose, G.S. 97-77, shall administer its provisions to the end that both employee and employer shall receive the benefits and enjoy the protection of the act.   See also *Conrad v. Foundry Co.,* 198 N. C. 723, 153 S. E. 266; *Lee v. Enka Corp.,* 212 N. C. 455, 193 S. E. 809.

In the *Enka case* it is said that the right·of the employee to compensation, and the liability of the employer therefor, are founded upon mutual

concessions, as provided in the act, by which each surrenders rights and waives remedies which he theretofore had under the law of this State. The act establishes a sound public policy and is just to both employer and employee. See also *Conrad v. Foundry Co., supra.*

While the act is not compulsory, *Lee v. Enka Corp., supra,* it provides that from and after 1 July, 1929, every employer and employee, except as there stated, shall be presumed to have accepted the provisions of the act respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby, unless he shall have given, prior to any accident resulting in injury or death, notice to the contrary in the manner provided in the act. G.S. 97-3. The act provides that no contract or agreement, written or implied, no rule, regulation, or other devise shall in any manner operate to relieve an employer, in whole or in part, of any obligation created by the act, except as therein otherwise expressly provided. G.S. 97-6. It is also provided that no claim for compensation under the act shall be assignable; moreover, all compensation and claims therefor shall be exempt from all claims of creditors and from taxes. G.S. 97-21. The act also provides that the rights and remedies therein granted to an employee where he and his employer have accepted the provisions of the act, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee as against his employer at common law, or otherwise, on account of such injury, loss of service, or death, subject to provisos not pertinent here. G.S. 97-10.

Moreover, in addition to compensation provided to be paid by the employer to employee for injury by accident arising out of and in the course of the employment, the act provides that "medical, surgical, hospital, and other treatment, including medical and surgical supplies as may reasonably be required for a period not exceeding ten weeks from date of injury to effect a cure or give relief and for such additional time as in the judgment of the Commission will tend to lessen the period of disability shall be provided by the employer." G.S. 97-25. And in this connection the act provides that the pecuniary liability of the employer for medical, surgical, hospital service or other treatment required, when ordered by the Commission, shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured person. G.S. 97-26. And, in respect thereto, the act further provides (a) that fees for attorneys and physicians and charges of hospitals for services under the act shall be subject to the approval of the Commission, and (b) that any person who receives any fee, other consideration, or any gratuity on account of services so rendered, unless such consideration or gratuity

is approved by the Commission or such court, shall be guilty of a misdemeanor, and upon conviction, punished as indicated. G.S. 97-90. Furthermore, the act provides that all questions arising under this act, if not settled by agreements of the parties interested therein, with the approval of the Commission, shall be determined by the Commission, except as otherwise therein provided. G.S. 97-91.

And for a remedy, the General Assembly has provided by this act that if the employer and injured employee fail to reach an agreement in regard to compensation within certain time, either party may make application to the Industrial Commission for a hearing in regard to the matters at issue, and for a ruling therein, upon receipt of which the Commission shall set a date for, and give notice of hearing. G.S. 97-83. Then the Commission, or any of its members, shall hear the parties at issue, and shall determine the dispute, and make an award. G.S. 97-84. Provision is made by which there may be a review of the award by the full commission. G.S. 97-85. Appeals from the full commission to Superior Court, and from Superior Court to Supreme Court are provided for. G.S. 97-86.

And the Commission may make rules, not inconsistent with the act, for carrying out the provisions of the act. G.S. 97-80.

Thus it is seen that the General Assembly has prescribed an adequate remedy by which any matter in dispute and incident to any claim under the provisions of the Workmen's Compensation Act may be determined and settled.

Now, then, in the light of these provisions of the North Carolina Workmen's Compensation Act, it is seen that plaintiff alleges in his complaint, and the court finds as facts, that on 7 August, 1947, defendant was employed by K & Y Motor Lines, which was subject to and had accepted the provisions of the North Carolina Workmen's Compensation Act; that while so employed and actually at work defendant was injured by accident arising out of and in the course of his employment; that defendant filed notice of claim for compensation with his employer and same was adjudicated by the North Carolina Industrial Commission, and compensation awarded by the Commission for his injury; that while plaintiff rendered medical services to defendant, as alleged, without knowledge that the case involved compensation under the Workmen's Compensation Law, he, at the time defendant filed his claim for compensation as above stated, and at request of defendant, filed his bill for professional services rendered defendant, in order that the employer might pay same and defendant thereby get benefit of such payment and the amount allowed would be credited by plaintiff and defendant would pay any excess; and that, in consequence of such agreement, plaintiff filed his bill with the North Carolina Industrial Commission and it allowed only $13.50, which left a balance of $25.50.

Thus plaintiff makes it appear, by his affirmative allegations, that the parties were subject to the provisions of the North Carolina Workmen's Compensation Act, and that he submitted his bill to, and for the approval of the Industrial Commission, and received approval for less than the full amount, and it does not appear that he asked for any hearing before the Commission, or that he appealed. Under such circumstances, he is bound by the provisions of the act.

The remedy provided by the act is exclusive. *Bar Association v. Strickland,* 200 N. C. 630, 158 S. E. 110; *Maxwell v. Hinsdale,* 207 N. C. 37, 175 S. E. 847; *Rigsbee v. Brogden,* 209 N. C. 510, 184 S. E. 24; *Wilkinson v. Boomer,* 217 N. C. 217, 7 S. E. (2) 491.

In the *Bar Association case, supra, Brogden, J.,* writing for the Court, said: "The courts everywhere are in accord upon the proposition that if a valid statutory method of determining a disputed question has been established, such remedy so provided is exclusive and must be first resorted to and in the manner specified therein."

And since the act provides that fees for physicians shall be subject to the approval of the Commission, and makes it a misdemeanor for anyone to receive any fee for services so rendered unless it be approved by the Commission, any promise made by defendant, the employee, to pay plaintiff the balance due on his account is unenforceable and void.

Consequently, the court below erred in finding and concluding that defendant is indebted to plaintiff as alleged.

Therefore, plaintiff may not challenge the constitutionality of the act in the respects indicated. "A party who is not personally injured by a statute is not permitted to assail its validity." *Adams, J.,* in *Yarborough v. Park Commission,* 196 N. C. 284, 145 S. E. 563.

The judgment below is

Reversed.