STATE v. SPEIGHT W. WADFORD.

(Filed 5 October, 1927.)

**Criminal Law—Indictment—Bill of Particulars—Courts — Discretion— Evidence—Scienter—Quo Animo.**

The granting of a bill of particulars on an indictment for a criminal offense is to primarily inform the accused of the charges against him, and secondarily to inform the court, and while this not strictly a part of the indictment, its effect is to confine the State in its evidence to the particulars stated, and it is reversible error to the prejudice of the defendant's rights for the court to admit, over his objection, evidence as to other criminal offenses not included in the bill. C. S., 4613; Const. of N. C., Art. I, sec. 11.

APPEAL by defendant from *Sinclair, J.,* at May Term, 1927, of LENOIR.

Criminal prosecution tried upon an indictment charging the defendant (a person over the age of sixteen years) with embezzlement. C. S., 4268.

There is evidence tending to show that during the spring of 1926 the defendant, while in the employ of M. L. Shealey as "tank wagon salesman, truck route," collected in the course of his employment certain moneys for oil and gasoline sold and delivered to the customers of his employer, and fraudulently appropriated the same to his own use.

Before trial the solicitor, in response to a request from the defendant (C. S., 4613), furnished a bill of particulars, specifying six customers to whom it was alleged the defendant had delivered oil and gasoline, collected therefor, and embezzled the proceeds arising from said sales.

On the trial, and over objection, the State was permitted to offer evidence of two accounts of customers, not specified in the bill of particulars, which, it was contended, the defendant had collected and fraudulently converted to his own use.

From an adverse verdict and judgment thereon, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Shaw & Jones for defendant.*

STACY, C. J. Does the filing of a bill of particulars in a prosecution for embezzlement confine the State in its proof to the items set down or enumerated therein?

The question is an important one, and seems not to have been heretofore directly presented in this State, though we have a statute on the subject, and many decisions which deal in a general way with the nature and purpose of a bill of particulars. C. S., 4613, and annotations. There is a dictum in *S. v. Van Pelt,* 136 N. C., 633, to the effect that, when the solicitor files a bill of particulars, either at the request of the defendant or on order of the court, the State is restricted in its proof "to the items therein set down"; and this was repeated in *S. v. Dewey,* 139 N. C., 556. The present case calls for a decision of the question.

The uniform current of authority in other jurisdictions, where the question has been considered, is to the effect that while the action of the trial court in ordering or refusing to order a bill of particulars is a matter of judicial discretion, nevertheless, when once ordered and furnished, the bill of particulars becomes a part of the record and serves

22—194

(1) to inform the defendant of the specific occurrences intended to be investigated on the trial, and (2) to regulate the course of the evidence by limiting it to the items and transactions stated in the particulars. *McDonald v. People,* 126 Ill., 150; *Commonwealth v. Giles,* 1 Gray, 466; *People v. McKinney,* 10 Mich., 54; *Starkweather v. Kittle,* 17 Wend., 21; Bishop Cr. Pro. (2 ed.), sec. 643; 14 R. C. L., 190; 31 C. J., 752.

"The office of a bill of particulars is to advise the court, and more particularly the defendant, of what facts, more or less in detail, the defendant will be required to meet, and the court will limit the government in its evidence to those facts, so set forth." *McPherson, District Judge, in· U. S. v. Adams Express Co.,* 119 Fed., 240, quoted with approval in *U. S. v. Gouled,* 253 Fed., 239.

The true office of a bill of particulars is twofold. It is intended "to inform the defendant of the nature of the evidence, and the particular transactions to be proved under the information, and to limit the evidence to the items and transactions stated in the particulars." *People v. McKinney, supra.*

This view of the office and purpose of a bill of particulars is supported, in tendency at least, by our own decisions. In *S. v. R. R.,* 149 N. C., 508, it was said that the whole object of a bill of particulars is to enable the defendant properly to prepare his defense in cases where the bill of indictment, though correct in form and sufficient to apprise the defendant in general terms of the accusation against him, is yet so indefinite in its statements as to the particular charge, or occurrences referred to, that it does not afford the accused a fair opportunity to procure his witnesses or prepare his defense. To like effect are the decisions in a number of other cases.

True, it is held with us that a bill of particulars is not a part of the indictment, nor a substitute therefor, nor an amendment thereto, and that it may not be used to supply an omission or to cure a defect therein. Hence, a bill of particulars can neither change the offense charged nor aid an indictment fundamentally bad, though it may remove an objection on the ground of uncertainty. *S. v. Gulledge,* 173 N. C., 746;. *S. v. Cline,* 150 N. C., 854 (disapproved on another point in *S. v. Hawley,* 186 N. C., 433); *S. v. Long,* 143 N. C., 671; *S. v. Van Pelt, supra.* The application for a bill of particulars is addressed to the sound discretion of the trial court, and his ruling thereon is not reviewable on appeal, except perhaps in case of manifest abuse of discretion. *S. v. Hinton,* 158 N. C., 625; *S. v. Dewey, supra.* A bill of particulars, being no part of the indictment, is not subject to demurrer, and may be

amended at any time, with permission of the court, on such terms or under such conditions as are just. *Townsend v. Williams,* 117 N. C., 330.

Again, it is provided by C. S., 4613, that "in all indictments, when further information not required to be set out therein is desirable for the better defense of the accused, the court, upon motion, may, in its discretion, require the solicitor to furnish a bill of particulars of such matters."

It will be observed that, by the terms of this statute, a bill of particulars is ordered when "desirable for the better defense of the accused." Its purpose is to give him notice of the specific charge or charges against him and to apprise him of the particular transactions which are to be brought in question on the trial, so that he may the better or more intelligently prepare his defense, and its effect, when furnished, is to limit the evidence to the transactions set out therein. *People v. Depew,* 237 Ill., 574. Unless this be its purpose, instead of making for a fair trial, it might tend to entrap the defendant and throw him off his guard, or what is worse "prove to be a snare and a delusion." *McDonald v. People, supra.* The granting or refusing of the motion for a bill of particulars is, in the first instance, however, within the sound discretion of the trial court. *DuBois v. People,* 200 Ill., 157, 65 N. E., 658; 93 A. S. R., 183, and note.

The competency of the evidence, here in question, to establish *scienter,* or *quo animo,* under the principle announced in *S. v. Dail,* 191 N. C., 231, and cases there cited, may not be resolved against the statutory effect to be given to a bill of particulars, which, when ordered and furnished, has as its purpose the limitation of the evidence to the particular scope of inquiry. Unless the statute is to be given this effect, a bill of particulars is perhaps of little value, and certainly of doubtful benefit, to the defendant. The Legislature intended that it should make for the better or more intelligent defense of the accused, in compliance with Art. I, sec. 11, of the Constitution, which provides that, "in all criminal prosecutions, every man has the right to be informed of the accusation against him and to confront the accusers and witnesses with other testimony." The State is rightly interested in the conviction of the guilty, or those who have violated the criminal law, but as a safeguard against the possible conviction of the innocent, or those who have not violated the criminal law, it is decreed, both by legislative enactment and judicial decision, that every criminal prosecution shall be conducted in accordance with the established rules of procedure.

There are other matters appearing on the record worthy of consideration, especially the form of the judgment, but as they are not likely to occur on another hearing, we shall not consider them now.

The case, in some of its features, is not unlike *S. v. Klingman,* 172 N. C., 947.

For error in the reception of evidence, over objection, of transactions not specified in the bill of particulars, there must be a new trial; and it is so ordered.

New trial.