State v. Conner

STATE OF NORTH CAROLINA v. LARRY JOE CONNER

No. 7429SC748

(Filed 20 November 1974)

Indictment and Warrant § 13— bill of particulars — evidence within transactions listed

Evidence presented by the State in an armed robbery prosecution, including photographs of the victim's residence used for illustrative purposes, corroborating statements made by the victim to the sheriff, and rebuttal evidence as to the bad character of defendant, was within the limits of the transactions set out in the bill of particulars and did not deprive defendant of a fair defense.

APPEAL by defendant from *Martin, Judge,* 13 May 1974 Session of Superior Court held in RUTHERFORD County.

Heard in Court of Appeals 15 October 1974.

Defendant was charged in separate bills of indictment with armed robbery of Lester Morgan on 10 October 1973, malicious maiming, and assault with a deadly weapon with intent to kill inflicting serious injuries. Prior to arraignment he moved pursuant to G.S. 15-143 for a Bill of Particulars, including a list of the State's witnesses, which the State furnished. Defendant pleaded not guilty and the charges were consolidated for trial.

The victim, Lester Morgan, testified for the State. He identified defendant as one of three people—two men and a woman—whom he discovered ransacking his house when he returned from work sometime after 8:00 a.m. on 10 October 1973. He testified that defendant hit him on the head with a pistol, and tore his pocket off, taking a pocketbook containing more than $19,000 that he had saved over 27 years. The other man kicked him in the head. As a result of these injuries, Lester Morgan lost an eye. Rutherford County Sheriff Blane Yelton testified concerning his investigation of the robbery and corroborated statements made to him by Morgan.

Larry Joe Conner testified in his own defense, denying that he was at the Morgan house on the morning in question. His wife testified that he was at home between 6:00 a.m. and 10:00 a.m. Another witness testified that he saw defendant's truck in his yard about 9:30 a.m. Defendant also put on character witnesses, whereupon the State tendered its own character witnesses, one of whom testified that he saw defendant's truck in a corn field below Mr. Morgan's house on the morning of 10 October 1973.

At the close of all the evidence, the trial court ruled that the maiming and assault charges merged into the armed robbery charge and submitted the case to the jury upon the single offense of armed robbery.

From a verdict of guilty and judgment imposing a sentence of 28 years imprisonment, defendant has appealed to this Court.

*Attorney General James H. Carson, Jr., by Associate Attorney Archie W. Anders, for the State.*

*Robert L. Harris, for defendant appellant.*

BALEY, Judge.

Defendant takes the position that the trial court erred in admitting evidence relating to matters which were not included in the Bill of Particulars furnished to him by the State. This assignment of error is based upon exceptions to the introduction of photographs of the victim's residence, to the testimony of Sheriff Blane Yelton in corroboration of statements made to him by defendant, and to testimony of character witnesses for the State.

---
Hicks v. Insurance Co.
---

The purpose of a Bill of Particulars "is to give [defendant] notice of the specific charge or charges against him and to apprise him of the particular transactions which are to be brought in question on the trial, so that he may the better or more intelligently prepare his defense, and its effect, when furnished, is to limit the evidence to the transactions set out therein." *State v. Wadford,* 194 N.C. 336, 339, 139 S.E. 608, 610.

Defendant was fully informed of the charges against him in this case and the specific transactions which gave rise to such charges. He was furnished all the information which was necessary to enable him to prepare any proper defense. The Bill of Particulars listed material witnesses which included Sheriff Yelton and the victim, Lester Morgan. To illustrate his testimony Sheriff Yelton was permitted to use photographs of the victim's residence. He also testified in corroboration of statements made to him by Mr. Morgan. After defendant put his character in issue, the State in rebuttal was allowed to offer evidence of the bad character of defendant. 1 Stansbury, N. C. Evidence (Brandis rev.), § 105. All of this evidence is competent and was directly related to the transactions referred to in the Bill of Particulars and indictment. There was no attempt to surprise the defendant or bring in any irrelevant information.

We find that the evidence presented by the State was within the limits of the transactions set out in the Bill of Particulars and did not deprive defendant of a fair defense.

No error.

Judges MORRIS and HEDRICK concur.