STATE OF NORTH CAROLINA v. RONEY LEE JOHNSON

No. 7610SC87

(Filed 4 August 1976)

1. **Indictment and Warrant § 13— bill of particulars — choice by State between different versions of shooting**

   Defendant was not entitled to a bill of particulars by which the State would be required to choose between offering defendant's version of the shooting as contained in his confession and a different version of the shooting by two eyewitnesses since an accused is not entitled to have discrepancies in the State's evidence resolved by a bill of particulars.

2. **Criminal Law §§ 75, 90— confession — no impeachment of State's own witnesses**

   The State's offer of defendant's confession which conflicted with testimony of the State's witnesses did not constitute impeachment by the State of its own witnesses; furthermore, defendant was not prejudiced by admission of the confession since it placed before the jury a possible justification for the shooting for which defendant was being tried.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 15 October 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 11 May 1976.

Defendant was charged in a bill of indictment with the murder of Jesse Ronzie Cooper.

The State's evidence, through the State's two eyewitnesses, tended to show that an argument developed between defendant and deceased during, or as the result of, a poker game. Defendant and deceased engaged in a scuffle and fisticuffs. Defendant then went outside to his automobile and removed a pistol from its trunk. As defendant started back towards the building, his brother tried to hold him. Despite his brother's efforts to stop him, defendant fired two shots from the pistol, one of which struck deceased in the heart and fatally wounded him.

The State's evidence, through defendant's confession, tended to show that an argument developed between defendant and deceased as the result of a poker game. Deceased hit defendant with his fist, and defendant drew his pistol from his pocket. Defendant fired twice at deceased's legs. Defendant did not intend to kill deceased.

The jury found defendant guilty of second degree murder.

*Attorney General Edmisten, by Associate Attorney Jack Cozort, for the State.*

*Manning, Fulton & Skinner, by Howard E. Manning, Jr., for the defendant.*

BROCK, Chief Judge.

[1]   Before trial defendant filed a motion for a bill of particulars, which reads in pertinent part as follows:

> "1. That the defendant cannot adequately prepare or conduct his defense without the following information:

>> "a. State with particularity the exact circumstances which the State contends constitute the alleged 'malice aforethought' of the defendant.

>> "b. State with particularity and in detail the exact circumstances and manner in which the State contends the defendant killed the deceased."

In our view the motion requested far more than what a defendant is rightfully entitled to have. An accused is not entitled to an order requiring the State to recite matters of evidence in a bill of particulars. G.S. 15A-925(c). The purpose of a bill of particulars is to give an accused notice of the specific charge or charges against him and to apprise him of the particular transactions which are to be brought in question on the trial. *State v. Conner,* 23 N.C. App. 723, 209 S.E. 2d 531 (1974) ; *State v. Wadford,* 194 N.C. 336, 139 S.E. 608 (1927).

In the present case the defendant sought to have the State choose between offering defendant's confession wherein he stated that upon being struck a blow by deceased, he drew his pistol and fired; and offering the testimony of the State's eyewitnesses to the effect that after a fight with deceased, defendant obtained a pistol from his automobile and returned to the building, where he shot deceased. Clearly these were discrepancies in the State's evidence, as there generally are, but they were for the jury to resolve. An accused is not entitled to require the State to resolve these discrepancies in advance by a bill of particulars. Nor is an accused entitled to require the State to elect, by a bill of particulars, which witness's version of the events it will present.

State v. Johnson

The bill of particulars filed by the State in this case reads as follows:

> "On the date alleged in the indictment the defendant took a gun from his car or his pocket. Notwithstanding the discouragement of those around him, he pointed the gun at the decedent and pulled the trigger. The gun discharged and the bullet propelled thereby entered the decedent's heart and fatally wounded him."

The foregoing bill furnished to the defendant all and more than that to which he was entitled, particularly with respect to the first sentence. Defendant was not entitled to have the State specify the precise place from where defendant obtained or produced the pistol with which he shot the deceased. Such specification constitutes a recitation of matters of evidence. Defendant's arguments regarding the insufficiency of the bill of particulars are without merit and are overruled.

[2] Defendant argues that the trial court committed error in permitting the State to offer defendant's confession of the shooting because the confession conflicted with the testimony of the State's witnesses and constituted impeachment by the State of its own witnesses. The State's eyewitness version was that defendant left the building, secured the pistol from the trunk of his car, returned to the building, and fired the fatal shot, notwithstanding the fact that defendant's brother tried to restrain defendant. Defendant's confession presented the version that deceased struck defendant, and defendant drew the pistol from his pocket and fired in self-defense. Obviously this does not constitute impeachment by the State of its own witnesses. It is merely a variation in the versions of how the shooting took place. The discrepency was for the jury to resolve. In any event the offering of defendant's confession was beneficial to defendant because it placed before the jury a possible justification for the shooting. Apparently it had some beneficial effect on the jury because the verdict was second degree murder instead of first degree. We find no merit in this argument.

Defendant argues that the district attorney's remarks to the jury were improper. If so, the trial judge promptly and clearly remonstrated with the district attorney and properly instructed the jury. Defendant's argument is without merit.

Defendant's remaining assignments of error are related to the court's instructions to the jury. We have reviewed these

and find no prejudicial error. Considered as a whole, the instructions fairly present the case to the jury under applicable principles of law. In our opinion defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and CLARK concur.