STATE OF NORTH CAROLINA v. WILLIAM JACKSON WILSON

No. 8224SC134

(Filed 21 September 1982)

**Appeal and Error § 45; Criminal Law §§ 159.1, 166— filing stenographic transcript of trial proceedings—dismissal for failure to follow rules**

　　Defendant's appeal was subject to dismissal when he chose to file a stenographic transcript of the trial proceedings but violated the provisions of Rule 9(c)(1) and Rule 28(b)(4) of the Rules of Appellate Procedure by failing to produce verbatim and attach as an appendix to his brief those portions of the transcript necessary to understand the questions presented in defendant's brief.

APPEAL by defendant from *Howell, Judge.* Judgment entered 12 September 1981 in Superior Court, WATAUGA County. Heard in the Court of Appeals 14 September 1982.

Defendant was convicted of felonious breaking or entering and felonious larceny. From judgments entered on the verdicts, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Edwin D. Taylor, for defendant-appellant.*

State v. Wilson

WELLS, Judge.

In his record on appeal, defendant chose to file a stenographic transcript of the trial proceedings. In his appeal, defendant has brought forth six assignments of error, at least five of which require a careful examination of the trial record. In violation of the provisions of Rule 9(c)(1) and Rule 28(b)(4) of the Rules of Appellate Procedure, defendant did not reproduce verbatim and attach as an appendix to his brief those portions of the transcript necessary to understand the questions presented in defendant's brief. It is imperative that defendants using the stenographic transcript alternative allowed by Rule 9(c)(1) carefully follow the requirements of Rule 28(b)(4) in order that this Court not be left the time-consuming and burdensome task of searching through the transcript for the pertinent pages. The omission of the pertinent transcript pages requires that the transcript be circulated among all the judges on the panel, requiring each of them to go through this time-consuming and burdensome task. We note that this omission is occurring with alarming frequency in appeals filed since the effective date of the Rule change allowing the use of stenographic transcripts. Such abuses, if allowed to continue, will significantly impede the work of this Court. Rules of Appellate Procedure are mandatory and failure to observe them is grounds for dismissal of the appeal. *See Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1977).

For defendant's failing to observe the requirements of Rule 9(c)(1) and Rule 28(b)(4), this appeal is

Dismissed.

Judges VAUGHN and WEBB concur.