STATE OF NORTH CAROLINA v. HERMAN NICKERSON

No. 829SC231

(Filed 19 October 1982)

**Appeal and Error § 45; Criminal Law §§ 159.1, 166— filing stenographic transcript —failure to attach portions of transcript as appendix to brief**

Defendant's appeal is subject to dismissal where defendant filed the stenographic transcript of the evidence at trial in lieu of narrating the testimony but failed to reproduce verbatim and attach as an appendix to his brief those portions of the transcript necessary to understand the question presented in defendant's brief as required by Appellate Rule 9(c)(1) and Appellate Rule 28(b)(4).

CERTIORARI to review *Battle, Judge.* Judgment entered 23 April 1981 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 23 September 1982.

Defendant Herman Nickerson was indicted for first degree murder. He was tried for second degree murder. There was evidence before the jury tending to show that defendant acted in self defense and that he acted in the heat of passion. The trial court submitted verdicts on second degree murder, voluntary manslaughter and not guilty. The jury found defendant guilty of second degree murder. Judgment was entered imposing a term of imprisonment. Defendant failed to give timely notice of appeal. This Court granted defendant's petition for review by Writ of Certiorari.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Fred R. Gamin, for the State.*

*Appellate Defender Adam Stein and Assistant Appellate Defender Ann B. Petersen, for defendant-appellant.*

WELLS, Judge.

In his record on appeal, defendant chose to file a stenographic transcript of the trial proceedings, as is allowed under the provisions of Rule 9(c)(1) of the Rules of Appellate Procedure. The sole assignment of error presented by defendant requires a careful examination of the trial record including the trial court's instructions to the jury. In violation of the provisions of Rule

9(c)(1) and Rule 28(b)(4), defendant did not reproduce verbatim and attach as an appendix to his brief those portions of the transcript necessary to understand the question presented in defendant's brief. Such an omission requires that the entire stenographic transcript be circulated among all the judges on the panel and requires the judges to undertake the burdensome and time-consuming task of searching through the transcript for the pertinent pages. We note that this type of Rule violation is occurring with alarming frequency in appeals filed since the effective date of the rule change allowing the use of stenographic transcripts. Such abuses, if allowed to continue, will significantly impede the work of this Court. Rules of Appellate Procedure are mandatory and failure to observe them is grounds for dismissal. *See Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1977); *State v. Wilson*, 58 N.C. App. 819, 294 S.E. 2d 780 (1982).

For the reasons stated, this appeal is

Dismissed.

Judges VAUGHN and WEBB concur.