STATE OF NORTH CAROLINA v. GAIL CHRISTOPHER BRILEY

No. 8225SC323

(Filed 2 November 1982)

**Appeal and Error § 45; Criminal Law §§ 159.1, 166— failure to follow Rules 9(c)(1), 9(b)(3) and 10(b)(1)—dismissal of appeal**

Where defendant failed to follow either App. Rule 9(c)(1), App. Rule 9(b)(3), or App. Rule 28(b)(4) when he filed a record on appeal which contained a verbatim reproduction of the trial transcript, and where one of defendant's assignments of error did not appear to be based on any exceptions as provided by App. Rules 10(b)(1) and 10(a), his appeal was subject to dismissal.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 15 October 1981 in Superior Court, CATAWBA County. Heard in the Court of Appeals 14 October 1982.

Defendant was indicted for the felonious breaking and entering of a building occupied by the General Electric Company. On his plea of not guilty to the charges, defendant was convicted of felonious breaking or entering. From judgment entered imposing an active sentence of imprisonment, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Lentz, Ball, and Kelley, P.A., by Phillip G. Kelley, for defendant-appellant.*

WELLS, Judge.

The record on appeal contains a verbatim reproduction of the trial transcript. This is not a complete stenographic transcript as is allowed as an alternative to narrating the evidence by Rule 9(c)(1) of the Rules of Appellate Procedure; the parties have caused the transcript to be copied into the record. When making evidence a part of the record on appeal under the alternative chosen by the parties in this case, Rule 9(c)(1) provides that generally evidence is to be set out in narrative form. Evidence may only be reproduced in question and answer form when those questions and answers are the subject of an assignment of error dealing with admission or exclusion of evidence or when the narrative form might not fairly reflect the true sense of the evidence received. The record in the present case represents a clear violation of Rule 9(c)(1). The testimonial evidence therein is exclusively in question and answer form; no attempt has been made to narrate the evidence. Rule 9(c)(1) further provides that the parties are expected to present the necessary evidence concisely, at a minimum of expense. Rule 9(b)(3) provides that the record shall contain only so much of the evidence as is necessary for understanding the errors assigned. These provisions have also been violated. As stated, the record contains what appears to be the whole trial transcript, much of which is irrelevant to the questions raised by appellant. We note that Rule 9(c)(1) now allows the parties to an appeal to choose to file a stenographic transcript of all the evidence in the trial tribunal as an alternative to having to narrate the evidence. But at the same time that Rule 9(c)(1) was so amended, Rule 28(b)(4) was enacted requiring any appellant who chooses to utilize such a stenographic transcript to append to his brief a reproduction of such parts of the transcript as are necessary to understand the questions presented. Thus, Rule 28(b)(4) serves the same function that Rule 9(c)(1) serves with respect to records filed wherein the evidence is narrated; it assures that this Court will have before it the evidence necessary to answer the questions presented, and that such evidence is in a condensed and readily available form. Neither the record nor the briefs in the present case have condensed the mass of evidence which was before the jury at trial and this Court has been left with the task of separating the evidence which is relevant to this appeal from that which is irrelevant.

In his brief, defendant raises five assignments of error based on five exceptions. One of defendant's assignments of error does not appear to be based on any exceptions.

Rule 10(b)(1) of the Rules of Appellate Procedure, in pertinent part, provides:

> Each exception shall be set out immediately following the record of judicial action to which it is addressed and shall identify the action, without any statement of grounds or argumentation, by any clear means of reference. Exceptions set out in the record on appeal shall be numbered consecutively in order of their appearance.

Rule 10(a) provides that an appellant may not make an exception not properly set out the basis of an assignment of error. Exceptions must be "set out" in the record in order "to provide a visible reference point in the record on appeal for the reviewing court to locate the particular judicial action assigned as error." Drafting Committee Note and Commentary to Rule 9, North Carolina Rules of Court Pamphlet (1982).

In violation of the above rules, defendant has failed to set out in the record any of the exceptions on which he bases his assignments of error; the objectionable evidence and rulings are not bracketed, isolated, underlined, labeled, or otherwise identified in the record. Of course, the record contains no numbering of the assignments.

Rules of Appellate Procedure are mandatory and failure to observe them is grounds for dismissal of an appeal. *See Britt v. Allen,* 291 N.C. 630, 231 S.E. 2d 607 (1977); *State v. Wilson,* 58 N.C. App. 819, 294 S.E. 2d 780 (1982).

For defendant's failure to comply with the requirements of Rules 9(b)(3), 9(c)(1), 10(a) and 10(b)(1), this appeal is

Dismissed.

Judges VAUGHN and WEBB concur.