STATE OF NORTH CAROLINA v. JOSEPH THOMAS EDMONDS

No. 826SC411

(Filed 2 November 1982)

**Appeal and Error § 45; Criminal Law §§ 159.1, 166— filing stenographic transcript of trial proceedings—dismissal for failure to follow rules**

Because of defendant's failure to observe the requirements of G.S. 1A-1, Rule 9(c)(1) and G.S. 1A-1, Rule 28(b)(4) which deal with filing a stenographic transcript of the trial proceedings in lieu of a narration of the evidence, defendant's appeal was subject to dismissal.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 4 June 1980 in Superior Court, HALIFAX County. Certiorari allowed by the Court of Appeals on 16 November 1981. Heard in the Court of Appeals 21 October 1982.

Defendant appeals from a judgment of imprisonment entered upon his conviction of armed robbery.

*Attorney General Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant appellant.*

WHICHARD, Judge.

Pursuant to Rule 9(c)(1), Rules of Appellate Procedure, defendant chose to file a stenographic transcript of the trial proceedings in lieu of a narration of the evidence. The appendix attached to his brief contains none of the material from the transcript essential to an understanding of⁄three of the four assignments of error brought forward. It is at least questionable whether the appendix material with regard to the remaining assignment suffices for a full understanding of the question presented.

Defendant thus has not complied with Rule 28(b)(4), Rules of Appellate Procedure, which provides that when the stenographic transcript is used in lieu of a narration of the evidence, "if there are portions of the transcript which must be reproduced verbatim in order to understand a question presented in the brief . . . such verbatim portions of the transcript shall be attached as appendixes to the brief."

---

---

As we noted in *State v. Greene*, 59 N.C. App. 360, 361, 296 S.E. 2d 802 (1982): "Failure to observe the requirements of Rule 28(b)(4) constitutes a substantial impediment to the capacity of this Court to perform its functions. 'Rules of Appellate Procedure are mandatory and failure to observe them is grounds for dismissal of the appeal.'" *See also State v. Nickerson*, 59 N.C. App. 236, 296 S.E. 2d 298 (1982); *State v. Wilson*, 58 N.C. App. 818, 294 S.E. 2d 780 (1982).

Because of defendant's failure to observe the requirements of Rule 9(c)(1) and Rule 28(b)(4), the appeal is dismissed.

Appeal dismissed.

Judges VAUGHN and WELLS concur.