**State v. Willis**

---

STATE OF NORTH CAROLINA v. ANDRÉ WILLIS AND PAUL FULLER

No. 827SC762

(Filed 15 March 1983)

1. **Criminal Law § 166— filing of stenographic transcript—assignments of error not supported by appendix material or verbatim reproduction in brief**

In an appeal in which defendants filed a stenographic transcript of the trial proceedings in lieu of narrating the testimony in the record on appeal, the appellate court will not consider those assignments of error not supported by an appendix in the brief containing those portions of the transcript necessary to understand the questions raised or a verbatim reproduction of the necessary portions of the transcript in the body of the brief. App. Rule 28(b)(4).

2. **Robbery § 4.3— use of deadly weapon—threatening or endangering life of victim—sufficiency of evidence**

The State's evidence was sufficient to establish that a dangerous weapon was used and that the life of the victim was endangered or threatened by use of this weapon so as to support conviction of defendants for armed robbery where it tended to show that defendants entered the victim's store with stockings over their heads; one defendant came toward the victim with a foot-long object, which was either a club, pipe or wrench, clinched in his upraised hand, grabbed the victim around the neck, and threw her to the floor; although the victim was uncertain whether she was struck by the object, she suffered a broken neck and received 48 stitches for cuts to her face and head; and defendants took a bank bag containing $1,000 and money from the cash register.

3. **Constitutional Law § 48; Criminal Law § 138— sentencing hearing—two defendants represented by same counsel—no denial of effective assistance of counsel**

Defendant was not denied his Sixth Amendment right to the effective assistance of counsel when both he and his codefendant were represented by the same attorney at an armed robbery sentencing hearing on the ground that this joint representation prohibited counsel from mentioning defendant's lesser culpability where defendant raised no objection at the trial to this joint representation, and where defendant was not prejudiced by counsel's failure to argue the issue of disparity in culpability since the trial judge stated at the sentencing hearing that he had a hard time finding both defendants equally responsible because of evidence that the codefendant alone broke the robbery victim's neck and had a weapon in his possession, the court was informed by defendant himself that he had nothing to do with the victim's injury, and the court then sentenced the codefendant to a term of 40 years and defendant to a term of only 25 years.

APPEAL by defendants from *Allsbrook, Judge.* Judgments entered 4 March 1982 in Superior Court, WILSON County. Heard in the Court of Appeals 19 January 1983.

Defendants André Willis and Paul Fuller were indicted for and found guilty of armed robbery. From judgments imposing a 40 year sentence as to Fuller and a 25 year sentence as to Willis, both defendants appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney Michael Rivers Morgan, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant-appellant André Willis.*

*Fitch and Butterfield, by Milton F. Fitch, Jr., for defendant-appellant Paul Fuller.*

WELLS, Judge.

[1] We initially note that, in lieu of narrating the testimony in the record on appeal, defendants chose to file a stenographic transcript of the trial proceedings as they may under Rule 9(c)(1) of the Rules of Appellate Procedure. The filing of a transcript mandates that each defendant either attach an appendix to his brief containing those portions of the transcript necessary to understand the questions raised or include a verbatim reproduction of the necessary portions of the transcript in the body of his brief. App. R. 28(b)(4). Both defendants failed to satisfy this requirement for some of their assignments of error brought forward. Failure to observe this requirement is grounds for dismissal. *See State v. Edmonds,* 59 N.C. App. 359, 296 S.E. 2d 802 (1982); *State v. Greene,* 59 N.C. App. 360, 296 S.E. 2d 802 (1982); *State v. Nickerson,* 59 N.C. App. 236, 296 S.E. 2d 298 (1982); *State v. Wilson,* 58 N.C. App. 818, 294 S.E. 2d 780 (1982). We, therefore, do not consider those assignments of error not properly supported by appendix material or verbatim reproduction in the briefs. Both defendants have assigned error to the denials of their motions to dismiss the charge of armed robbery. Since this assignment of error raises a question as to the sufficiency of the evidence, an appendix or verbatim reproduction is not required. App. R. 28(b)(4) provides in pertinent part: "It is not intended that an appendix be compiled to show the general nature of evidence or the absence of evidence relating to a particular question presented in the brief."

[2] In separate briefs, defendants argue that the trial court erred in denying their motions to dismiss the charge of armed

robbery on two grounds: first, that the State failed to establish the presence or use of a dangerous weapon and second, assuming the presence of a weapon, that the State failed to show that the victim was endangered or threatened by the use of this weapon.

In ruling upon a motion to dismiss in a criminal case, the trial court must consider the evidence in the light most favorable to the State. *State v. Cummings,* 301 N.C. 374, 271 S.E. 2d 277 (1980). "If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made and nonsuit should be denied. (Citations omitted.)" *State v. McKinney,* 288 N.C. 113, 117, 215 S.E. 2d 578, 582 (1975). To prove the offense of robbery with firearms or other dangerous weapons set forth in G.S. 14-87, the State must present evidence of three essential elements: (1) the unlawful taking or attempted taking of personal property from another; (2) the possession, use or threatened use of a dangerous weapon, implement, or means; and (3) danger or threat to the life of the victim. *State v. Joyner,* 295 N.C. 55, 63, 243 S.E. 2d 367, 373 (1978). In applying these principles to the present case, we hold that there was sufficient evidence of each essential element of armed robbery to require submission of the case to the jury.

The State's evidence tended to show that on 19 September 1981 Mildred Duke owned and operated Duke's Grocery in Wilson, North Carolina. Around 3:00 p.m. on that date, Ms. Duke and Sue Jordan, an employee, were working at the store. Two males wearing stockings over their heads entered the store. One of the men came toward Ms. Duke with an object clinched in his upraised hand. Ms. Duke testified: "It was either a piece of pipe, a wrench, or it was in the form of a club. . . . It was approximately a foot long." The man grabbed Ms. Duke around the neck and flung her to the floor. He then grabbed a bank bag containing approximately $1,000.00. This bag was in an old refrigerator that Ms. Duke used as a desk. The second man opened the cash register and took the money out of it. The two then ran from the store. Ms. Duke suffered a broken neck and received 48 stitches from cuts to her face and head. Ms. Jordan testified that one of the men also threw her down and injured her back. Both women positively identified defendant Fuller as Ms. Duke's assailant. Ms.

Duke identified defendant Willis as the second male. The defendants had been customers in Ms. Duke's store prior to the robbery.

In arguing that no weapon was used to endanger or threaten the life of Ms. Duke, defendants rely heavily upon *State v. Gibbons*, 303 N.C. 484, 279 S.E. 2d 574 (1981). In *Gibbons*, the Supreme Court reversed the defendant's conviction for robbery with a firearm and remanded for sentencing for common law robbery, because the State presented evidence of possession of a deadly weapon but no evidence that the victim's life was endangered or threatened by possession of the weapon. The victim testified that someone broke into her home early one morning and knocked her unconscious. When she came to, she observed a teenage boy at her feet. Another person was beating her and indicated he wanted her money. She lost consciousness again and did not awaken until the assailants were gone. A witness for the State testified that he, the defendant and a third man broke the glass in the victim's door with a shotgun, entered the house and then rested the shotgun against the wall. The court reversed the conviction for armed robbery, noting:

> In this case, while the State presented evidence of the element of possession of a deadly weapon, it presented no evidence that defendant endangered or threatened the life of the victim by possession of that weapon, aside from the mere fact of the weapon's presence. The victim did not testify that a weapon was used in the crime. The perpetrators testified that the shotgun was present at the scene, but they did not testify that the gun was pointed at the victim or used to threaten her. On this evidence we hold that the State has not offered any evidence that the life of the victim was endangered or threatened by possession of the shotgun.

*Id.* at 490, 279 S.E. 2d at 578.

The facts in the case before us are clearly distinguishable. Unlike the victim in *Gibbons*, Ms. Duke saw one of her assailants approach her with a foot-long object, which was either a club, pipe or wrench, clinched in his upraised hand. She was not certain that she was hit with the object. This evidence, combined with the serious nature of the injuries inflicted on Ms. Duke, clearly would support an inference that a dangerous weapon or instrument was used to accomplish the robbery and that Ms. Duke's life

was endangered or threatened by its use. *See State v. Rowland,* 263 N.C. 353, 139 S.E. 2d 661 (1965). This assignment is overruled.

[3] Defendant Willis contends that he was denied his Sixth Amendment right to effective assistance of counsel when both he and defendant Fuller were represented by the same attorney at the sentencing hearing. He argues that this joint representation led to a conflict of interest, which prohibited counsel from mentioning defendants' unequal culpability. The uncontradicted evidence shows that Willis did not injure Ms. Duke during the robbery. Because of this alleged conflict of interest, Willis requests a new sentencing hearing.

The record on appeal indicates that Willis raised no objection at the trial to this joint representation. In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *See Cuyler v. Sullivan,* 446 U.S. 335, 64 L.Ed. 2d 333, 346-47, 100 S.Ct. 1708 (1980). At the sentencing hearing, the trial judge noted that he had a "hard time" finding both defendants equally responsible and cited the evidence that defendant Fuller alone broke Ms. Duke's neck and had a weapon in his possession as the basis for his dilemma. Immediately prior to the sentencing of defendant Willis, the court was informed by Willis himself that he had nothing to do with Ms. Duke's injury. The court then sentenced Willis to 25 years and defendant Fuller to 40 years, despite defendant Willis' longer criminal record.

Defendant asks us to adopt the holding in *U.S. v. Unger,* 665 F. 2d 251 (8th Cir. 1981), wherein the U.S. Court of Appeals was also confronted with the issue of whether a conflict of interest denied a defendant effective assistance of counsel at the sentencing hearing. In *Unger,* Crystal Unger and her husband Robert pleaded guilty to kidnapping an infant and both received 50 year sentences. At the sentencing hearing the Ungers' attorney argued leniency for Crystal on the grounds of her age and lack of criminal record. The attorney never mentioned her nonparticipation in the injury to the child. Robert had consistently maintained that he was totally responsible for the injury and that Crystal was not present when this injury occurred. The Court of Appeals reversed the judgment denying Crystal's motion to vacate her

sentence and remanded with directions to the district court to conduct a hearing to determine whether her guilty plea was voluntary and whether she waived her right to separate counsel. The Court of Appeals noted, "We can only infer that the severity of the sentence imposed on Crystal resulted from the harm incurred by the child." *Id.* at 255.

Unlike the court in *Unger,* the trial court here heard testimony showing defendant Willis' noninvolvement in the injury to Ms. Duke and sentenced Willis to a shorter term of imprisonment. Under these circumstances, defendant Willis has failed to show that he was prejudiced by counsel's failure to argue the issue of disparity in culpability at the sentencing hearing.

In another assignment of error, defendant Fuller contends that the trial court erred in sentencing him. We have carefully considered defendant Fuller's argument, find that his sentence was supported by the evidence, G.S. 15A-1444(a), and overrule this assignment.

Both defendants received a trial free of prejudicial error.

No error.

Chief Judge VAUGHN and Judge BRASWELL concur.