STATE OF NORTH CAROLINA v. DONALD EUGENE SUMMERFORD AND
NANCY SMITH SUMMERFORD

No. 833SC347

(Filed 20 December 1983)

1. **Constitutional Law § 28; Solicitors § 1— prosecution of husband and wife—offer to drop charges against wife for husband's guilty plea—no denial of due process**

   In a prosecution of a husband and wife for felonious possession and sale and delivery of narcotics, the district attorney's offer to dismiss the charges against the wife on condition that the husband plead guilty to one felony charge did not constitute an abuse of prosecutorial discretion or a deprivation of the wife's right to due process of law where the wife had already been indicted so there was probable cause to believe she had committed the offenses; the evidence showed and the jury found that the wife was a participant in the crimes; and the trial judge considered the wife's lesser degree of culpability in imposing sentence.

2. **Constitutional Law § 48— effective assistance of counsel—same attorney representing husband and wife—offer to drop charges against wife for husband's guilty plea**

   The same attorney's representation of the female defendant and her husband on narcotics charges did not deny the female defendant the effective assistance of counsel because the district attorney offered to drop the charges against her if her husband would plead guilty to one felony charge where neither defendant objected before or during trial to joint representation, and there is no reason to believe that separate counsel could have changed the State's decision to prosecute the female defendant if her husband failed to plead guilty to a felony.

3. **Constitutional Law § 48— effective assistance of counsel—same attorney representing husband and wife—difference in culpability**

   The same attorney's representation of the female defendant and her husband on narcotics charges did not deny the female defendant the effective assistance of counsel because the female defendant was less culpable than her husband where neither defendant testified, the defenses of the husband and wife were not antagonistic, and the trial judge took into account the wife's lesser culpability in imposing sentence.

4. **Constitutional Law § 48— effective assistance of counsel—same attorney representing husband and wife—payment of fees by husband's parents**

   The same attorney's representation of the female defendant and her husband on narcotics charges did not deny the female defendant the effective assistance of counsel because the husband's parents paid the attorney fee for both defendants where there was no evidence that defense counsel sacrificed the interest of the female defendant for that of her husband.

5. **Constitutional Law § 48— effective assistance of counsel—failure to move for severance or request instructions**

   The female defendant was not denied the effective assistance of counsel by the failure of her attorney to move for a severance of her trial from that of her husband or by the failure of her attorney to request limiting instructions concerning evidence of an offense for which only the husband was charged.

6. **Indictment and Warrant § 13— exact times of offenses—variance between bill of particulars and evidence—denial of motion to dismiss**

   The trial court properly denied defendant's motion to dismiss charges of felonious possession and sale and delivery of narcotics because information in a bill of particulars concerning the exact times of the offenses was at variance with the evidence at trial where the variance was due to inadvertent error by the assistant district attorney, defendant presented no alibi defense or any other evidence, and it does not appear likely that defense tactics would have been any different if the information in the bill of particulars had been consistent with the evidence at trial.

7. **Constitutional Law § 48— effective assistance of counsel—same attorney representing husband and wife—no prejudice to husband**

   The same attorney's representation of the male defendant and his wife on narcotics charges did not deny the male defendant the effective assistance of counsel because the district attorney offered to drop the charges against his wife if the male defendant would plead guilty to one felony charge or because defense counsel pointed out the female defendant's lesser degree of culpability.

APPEAL by defendants from *Reid, Judge.* Judgments entered 28 October 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 17 November 1983.

The defendants Donald and Nancy Summerford, husband and wife, were indicted for the felonious possession with the intent to sell and deliver of 2 ounces of marijuana and the sale and delivery of marijuana on 9 February 1982. Donald Summerford was also indicted on identical charges occurring 4 February 1982. He was found guilty of both counts of sale and delivery and one count of possession. He received an active prison term of 6 months and 3 years 6 months of supervised probation. Nancy Summerford was found guilty as charged and received an active term of 5 days.

She was also given a probationary period identical to her husband's. Both defendants appeal from the judgments imposed.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant Nancy Smith Summerford.*

*Public Defender Donald C. Hicks, III, for defendant Donald Eugene Summerford.*

ARNOLD, Judge.

### Defendant Nancy Smith Summerford's Appeal

[1] Defendant Nancy Summerford assigns error to the court's denial of the motion to dismiss the charges against her. She argues that the district attorney's offer to dismiss these charges on condition that her husband plead guilty to one felony charge, constituted an abuse of prosecutorial discretion and deprivation of her right to due process of law. We find no merit to this assignment of error.

During the sentencing hearing the defendants' attorney informed the trial court that prior to trial the district attorney had offered to drop the charges against the feme defendant if her husband would plead guilty to one felony. The district attorney had indicated to defense counsel that the State was not interested in prosecuting the feme defendant. When the homme defendant refused to accept this plea arrangement, defense counsel had countered with an offer to plead him guilty to a misdemeanor on condition that the charges against the feme defendant be dropped. The State refused to accept this counteroffer, and the parties proceeded to trial.

District attorneys possess wide discretion in deciding who will or will not be prosecuted.

In making such decisions, district attorneys must weigh many factors such as "the likelihood of successful prosecution, the social value of obtaining a conviction as against the time and expense to the State, and his own sense of justice in the particular case." (Citation omitted.) The proper exercise

of his broad discretion in his consideration of factors which relate to the administration of criminal justice aids tremendously in achieving the goal of fair and effective administration of the criminal justice system.

*State v. Spicer,* 299 N.C. 309, 311-12, 261 S.E. 2d 893, 895 (1980). In deciding to prosecute the feme defendant, the district attorney did not abuse this discretion. The feme defendant already had been indicted, so there was probable cause to believe that she had committed the drug offenses. There is absolutely no basis to the feme defendant's argument that her prosecution was punishment for her husband's exercise of his right to a jury trial. The evidence showed, and the jury found, that the feme defendant was a participant in the crimes occurring on 9 February 1982.

The evidence before the jury was that an undercover agent came to defendants' house on the evening of 9 February 1982 and expressed a desire to buy marijuana. At her husband's direction, the feme defendant went to the bedroom and returned with a bag of marijuana. She handed the bag to the agent. When the agent paid for the marijuana, the homme defendant directed his wife to give him change and she complied. This evidence supports the conclusion that the defendants acted together for the common purpose of committing the drug offenses.

During the sentencing hearing the trial judge indicated that he had perceived that the State viewed the homme defendant to be more culpable than the feme defendant. He emphasized that he would not dismiss the charges against the feme defendant but would try to sentence the defendants with regard to their relative culpability. For her conviction of felonious possession and the sale and delivery of marijuana, the feme defendant received only a 5 day prison sentence. From the sentence imposed, there is no doubt that the trial judge considered the degree of her culpability. She was in no way denied due process of law.

[2] The feme defendant next argues that her 6th amendment right to effective assistance of counsel was violated, because both she and her husband were represented by the same attorney. She argues that conflicts of interest were raised during the plea bargain negotiations, by the differing degrees of culpability, and in the fact that defense counsel was paid by the homme defendant's parents. The feme defendant further argues that she was denied

effective assistance of counsel because defense counsel failed to move for severance, or to request instructions that evidence of the 4 February 1982 crimes be limited to the homme defendant. We find no violation of her constitutional right to effective assistance of counsel.

We initially note that neither defendant objected before or during trial to joint representation. "In order to establish a conflict of interest violation of the constitutional right to effective assistance of counsel, 'a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.'" *State v. Howard,* 56 N.C. App. 41, 46, 286 S.E. 2d 853, 857, *disc. rev. denied,* 305 N.C. 305, 290 S.E. 2d 706 (1982), quoting *Cuyler v. Sullivan,* 446 U.S. 335, 348, 64 L.Ed. 2d 333, 346-47, 100 S.Ct. 1708, 1718 (1980). The feme defendant has made no such showing.

A possible conflict of interest might have been raised during the plea negotiations if defense counsel had persuaded the homme defendant to plead guilty in order to save his wife from prosecution. In this situation the homme defendant, and not his wife, would be entitled to raise the issue of ineffective assistance of counsel. Moreover, it is obvious that if the homme defendant had been represented by separate counsel, he would not have been advised to plead guilty to one felony for his wife's benefit. It is equally obvious from the record that the State was willing to dismiss the charges against the feme defendant only if her husband pleaded guilty to one felony. There is no reason to believe that separate counsel could have changed the State's decision to prosecute the feme defendant.

[3] The difference in culpability between the defendants also did not raise any conflict of interest which adversely affected defense counsel's representation of the feme defendant. "Multiple defendants, almost by definition, will produce disparities, qualitatively and quantitatively, as to proof against each. It is a *non sequitur* to say that such disparity *ipso facto* results in disparity of effort devoted to such defendants if they have the same attorney." *People v. Smith,* 19 Ill. App. 3d 138, 144, 310 N.E. 2d 818, 823 (1974). In the case on appeal, neither defendant testified, nor were there antagonistic defenses. The mere fact that the feme defendant was less culpable than her husband did not hinder counsel from effec-

tively representing either defendant. Furthermore, the trial judge noted at the sentencing hearing that he was aware of this unequal culpability. His imposition of a 5-day active sentence for crimes which carry maximum sentences of 5 years each undeniably shows that the feme defendant's lesser degree of culpability was considered. *See State v. Willis*, 61 N.C. App. 244, 300 S.E. 2d 829 (1983).

[4]   We also find no conflict of interest caused by the payment of attorney's fees for both defendants by the homme defendant's parents. There is no evidence that defense counsel sacrificed the interest of the feme defendant for that of her husband.

[5]   Finally, we do not find that the feme defendant was denied effective assistance of counsel because defense counsel did not move for severance or request instructions that evidence of the 4 February 1982 crimes be limited to the homme defendant. The feme defendant has not shown that the joint trial deprived her of a fair trial. *See State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976). In any respect, defense counsel's failure to move for severance "amounts to nothing more than a mistaken tactical decision and does not constitute such incompetency as to deny defendant effective assistance of counsel." *State v. Arsenault*, 46 N.C. App. 7, 12, 264 S.E. 2d 592, 595 (1980). Defense counsel's failure to request limiting instructions regarding the 4 February 1982 offense clearly was not prejudicial, since the feme defendant was not charged with these offenses.

### Defendant Donald Eugene Summerford's Appeal

[6]   Prior to trial defense counsel filed a motion for a bill of particulars on behalf of the homme defendant requesting information about the alleged possessions and sales of marijuana on 4 and 9 February 1982. The district attorney responded in the bill of particulars that the 4 February 1982 possession and sale occurred at 10:45 p.m.; and that the 9 February 1982 offenses occurred at 5:45 p.m. At trial the State's evidence was that the 4 February 1982 possession and sale occurred at approximately 5:45 p.m. The State's witness testified that the 9 February 1982 offenses occurred at 10:45 p.m. At the close of the evidence, defense counsel moved for dismissal of the charges because the information in the bill of particulars was at variance with the evidence at trial. The

court denied this motion, and the homme defendant has assigned error to its denial.

In denying the motion to dismiss, the trial judge noted that the variance regarding the times of the offenses was due to inadvertent error by the assistant district attorney. He emphasized that neither defendant had been prejudiced by the variance because they had not relied upon any alibi defense. We agree. "The purpose of a bill of particulars is to give an accused notice of the specific charge or charges against him and to apprise him of the particular transactions which are to be brought in question on the trial." *State v. Johnson*, 30 N.C. App. 376, 377, 226 S.E. 2d 876, 878, *disc. rev. denied*, 291 N.C. 177, 229 S.E. 2d 691 (1976). This purpose was not thwarted in the case on appeal, since neither defendant presented an alibi defense nor any other evidence and since the time variance was merely 5 hours. It does not appear likely that defense tactics would have been any different if the information in the bill of particulars had been consistent with the evidence at trial. *See, State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980). No error has been shown.

[7] The homme defendant, like his wife, also argues that he was denied effective assistance of counsel because of their joint representation. He first argues that the conflict of interest in the plea bargaining process adversely affected defense counsel's representation of him. He next argues that defense counsel minimized the feme defendant's involvement in the crimes at his expense.

As we noted in our discussion of the feme defendant's appeal, the homme defendant could possibly show a conflict of interest in the plea negotiations only if he had pleaded guilty in return for dismissal of the charges against his wife. The homme defendant, however, refused to plead and exercised his right to a jury trial.

During the trial, both the district attorney and defense counsel pointed out the feme defendant's lesser degree of culpability. We reiterate that this fact alone does not establish that defense counsel was unable to represent both defendants effectively. In fact, the record shows that the homme defendant received more than adequate representation. The trial judge commented upon this representation at the close of the sentencing hearing:

The Court congratulates you, Mr. Ward on the sterling job that you did and the very forceful and able manner in which you advanced the cause of your clients' cases. You were able to, as I said, to strip Mr. Summerford of one five-year felony which was lodged against him.

Both defendants received vigorous and effective representation.

No error.

Judges HILL and BRASWELL concur.